UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Plaintiff,

  v.                               Case No. 22-cv-1145-pp

CATHY JESS, JAMES ZANON,
CAPT. TONEY, CAPT. KUSTER
and JOHN/JANE DOES,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and currently is not incarcerated.

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably, his paychecks) are garnished at 20% and that currently he is homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant the motion to proceed without prepaying it.

**II.    Screening of Complaint**

    A.    <u>Standard for Screening Complaint</u>

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Plaintiff's Allegations

The plaintiff sues four individuals who work at Oskhosh Correctional Institution: Cathy Jess, James Zanon, Captain Toney and Captain Kuster. Dkt. No. 1 at 1-3. He also sues John/Jane Does, sued as unknown segregation staff. Id. at 1.

The plaintiff alleges that from June through August 2020, the defendants allowed "extreme heat" within the Restricted Housing Unit at Oshkosh. Id. at 3 ¶1. The defendants allegedly knew about the extreme heat but did not do anything to address it. Id. The plaintiff says he contacted the defendants about "extreme heat, extreme sweating, hard to breath[e] and headaches/migraines,

3

along with light headedness." Id. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 5.

  C. Analysis

To establish a constitutional violation with respect to prison living conditions, an incarcerated person must be able to demonstrate both: (1) that the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) that the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray, 826 F.3d at 1005 (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Although "extreme deprivations are required," Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "[s]ome conditions . . . may establish an Eighth Amendment violation in combination when each alone would not do so," and other conditions that may not be sufficiently serious for a short period of time, "can become an Eighth Amendment violation . . . if endured over a significant time." Gray, 826 F.3d at 1005 (citations omitted). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773.

While his allegations are sparse, the plaintiff may proceed on an Eighth Amendment claim against the defendants for failure to address the "extreme heat" in the Restrictive Housing Unit at Oshkosh from June to August 2000. See White v. Monohan, 326 F. App'x 385, 387 (7th Cir. 2009) (cell temperatures measuring 110 to 130 degrees during the summer months stated a claim). The plaintiff will need to use discovery to identify the Doe defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Jess, Zanon, Toney and Kuster. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must send or deliver the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**